Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5876 | DATE | 10/26/2001 |
| CASE TITLE | | SMITH vs. HENDERSON | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion for summary judgment is granted. This action is dismissed in its entirety. All previously set dates are stricken. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 29 2001 | |
| | Notified counsel by telephone. | date docketed | 20 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 10/26/2001 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| JS | courtroom deputy's initials | 01 OCT 29 AM 8:59 | JS |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID SMITH,

    Plaintiff,

v.

WILLIAM J. HENDERSON,
Postmaster General of the
United States Postal Service,

    Defendant.

No. 00 C 5876

DOCKETED
OCT 29 2001

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On September 25, 2000, plaintiff David Smith ("Smith") filed a single-count complaint against defendant William J. Henderson, Postmaster General of the United States Postal Service, ("Postal Service"). In the compliant, Smith alleges that the Postal Service terminated his employment with the Postal Service in retaliation for Smith engaging in activities protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-16. On September 6, 2001, the Postal Service filed this pending motion for summary judgment. Having considered the matter fully, for the reasons stated herein, defendant's motion for summary judgment is GRANTED.

20

## STATEMENT OF FACTS[1][2]

Smith was hired by the Postal Service in June 1988 as a mail processor. In that capacity, he operated an automated optical character reader and a bar code sorter. Smith continuously worked at two mail distribution centers until his termination in May 1999: (1) the North Suburban Facility in River Grove, Illinois; and (2) the Palatine Processing and Distribution Center in Palatine, Illinois.

On October 24, 1989, November 7, 1989, June 22, 1994, and April 27, 1995, Smith received letters of warnings for conduct unbecoming a Postal Service employee and for absenteeism. From 1990 to 1996, Smith received two suspensions for conduct unbecoming a Postal Service employee and absenteeism. On May 25, 1995, January 9, 1996, June 20, 1996, March 6, 1997, April 9, 1997, and April 18, 1997, Smith received notices of termination and of suspension for absenteeism, for conduct unbecoming a Postal Service Employee and for failure to follow instructions.

On March 4, 1998, Smith was given another notice of suspension for fourteen days as a consequence of his disruptive behavior in the Palatine facility's medical unit on January 30, 1998. On March 6, 1998, Smith filed an anonymous complaint with the Equal Employment Opportunity Commission ("EEOC") to dispute the disciplinary action of March 4, 1998. On May 1, 1998, Smith received another notice of suspension for failure to follow instructions for refusing to return his time

---

[1] The following facts are undisputed and are taken from the defendant's and plaintiff's Local Rule 56.1(a) and Local Rule 56.1(b) statements of material facts and accompanying exhibits.

[2] In response to this motion for summary judgment, Smith filed two motions asking this court to strike various portions of defendant's Local Rule 56.1(A) statement of material facts as immaterial. The facts contained in the paragraphs Smith asks this court to strike are material as to the casual connection, if any, between Smith's protected activity and the subsequent adverse employment action Smith suffered. In addition, this court has discretion whether to strictly apply or overlook transgressions of local rules. Midwest Imports Ltd. v. Coval, 71 F.3d 1311, 1316-17 (7th Cir. 1995). Accordingly, Smith's motions to strike are denied.

2

card to the card rack and for conduct unbecoming a Postal Service employee when Smith taunted a co-worker with racial comments. On October 15, 1998, Smith converted his anonymous EEOC complaint into a formal EEOC complaint.

On November 10, 1998, Smith received a notice of proposed termination for excessive absenteeism from May 1998 through October 1998. On December 9, 1998, Smith was informed that the effective date of his termination would be January 9, 1999. On January 14, 1999, Timothy L. Anderson ("Anderson"), Manager of Distribution Operations ("MDO") modified the Postal Service's decision of December 9, 1998, from termination to a fourteen-day suspension beginning February 1, 1999. Based on his own investigation, Anderson determined that a portion of time Smith was absent in 1998 could have been within the scope of the Family and Medical Leave Act.

On January 18, 1999, Smith refused to follow a job-related instruction from supervisor Michael Barnett ("Barnett"), used foul language in confronting Barnett and spat at Barnett's feet. Also in January 1999, Smith refused an instruction from another supervisor, Donald E. Bissett ("Bissett") and spat twice at Bissett's feet. Smith was subsequently was placed in off-duty status until February 1, 1999, when Smith's suspension was to begin.

The Postal Service investigated both spitting incidents and on March 23, 1999, issued Smith a notice of termination. In the notice, the Postal Service informed Smith that the action was being taken because of Smith's confrontation with Bissett and Barnett and because of Smith's history of improper conduct. Smith was issued a letter April 23, 1999, that he would be terminated effective May 15, 1999 and the Postal Service terminated Smith on May 15, 1999.

In June 1999, Smith filed another EEOC complaint of discrimination and filed a grievance with the labor union to contest his termination. On May 25, 2000, following a hearing, an arbitrator

denied Smith's grievance, found that Smith had engaged in misconduct and determined that Smith's termination was appropriate because Smith had never conformed his conduct to the reasonable expectations of the Postal Service. On June 20, 2000, the EEOC ruled, as to Smith's original charge of discrimination, that the Postal Service did not discriminate against Smith on the basis of race or sex in disciplinary action the Postal Service took against Smith. On July 5, 2000, the EEOC ruled, as to Smith's second charge of discrimination, that Smith termination was not in retaliation for protected EEOC activity. Smith filed this complaint on September 5, 2000.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

It is not the function of this court to scour the record in search of evidence to defeat a motion for summary judgment; the nonmoving party must identify with reasonable particularity the evidence upon which that the party relies. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The evidence relied upon must be competent evidence of a type otherwise admissible at trial. Id. Thus, a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment. Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir.1995) (hearsay testimony may not be considered in summary judgment proceeding).

## ANALYSIS

Smith alleges in the complaint that the Postal Service terminated him in May 1999, based upon his filing an EEOC claim of discrimination in October 1998. Smith, however, has failed to provide sufficient evidence in the record to establish a genuine issue of material fact that a casual link exists between his termination and his October 1998 EEOC claim. Accordingly, summary judgment in favor of the Postal Service must be granted as a matter of law.

In cases such as this, where there is no direct evidence of retaliatory animus, the plaintiff bears the initial burden of making out a prima facie case of retaliation. It is undisputed that Smith participated in a statutorily protected activity and it is also undisputed that Smith suffered an adverse employment action. The threshold issue in this case is, therefore, whether there is sufficient proof to raise a genuine issue of material fact of a causal link between the adverse action Smith suffered and Smith's statutorily protected expression. See Roth v. Lutheran General Hosp., 57 F.3d 1446, 1459 (7th Cir. 1995). Upon further review of the record, Smith has failed to provide sufficient evidence in the record to raise a question of fact that Smith's termination of employment had anything to do with his EEOC claim. In opposition to this motion for summary judgment, Smith

rests his entire retaliation claim on the temporal relationship of his initial EEOC claim in October 1998 and his subsequent termination eighteen months later. Simply because Smith's discharge occurred after he filed his first charge with the EEOC does not by itself suggest a causal relationship between these events. See McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 796-97 (7th Cir.1997). Smith argues "[i]mmediately after Plaintiff went formal with his EEO complaint on October 15, 1998, he received four (4) suspensions and two (2) removals in a three month period." This recitation of Smith's history of disciplinary actions occurring after his EEOC claim, however, is insufficient to raise an issue of material fact because Smith has not presented any evidence rebutting or denying that the incidents which lead to his recited disciplinary actions occurred. Smith simply concludes that because these particular disciplinary actions happened after his EEOC claim, then the particular disciplinary actions must have happened because of his EEOC claim. Smith's conclusion without more is insufficient to establish a causal relationship.

As to the spitting incidents, Smith states he did "spit/vomit" on the floor because he had taken several prescribed medication which caused nausea. Smith, however, states that he did not spit in the direction of Bissett or Barnett. Crediting Smith's statements regarding the spitting incidents, Smith has still failed to come forward with evidence to rebut the record which is replete with Smith's other misconduct. Smith argues that he has a witness who can testify that "she [Smith's witness] has never seen supervisors treat another employee as she [Smith's witness] observed Bissett and Barnett treat Plaintiff." (Pl. Resp. to Def.'s Motion at 5). This testimony, however, does not raise a question of material fact that Smith's termination was in retaliation for his filing his EEOC charge. There is no evidence in the record which establishes that Smith's behavior as a Postal Service employee did not occur or did not warrant the disciplinary actions which he received. Smith states that the Postal

6

Service's actions were unwarranted because "[a] jury could infer that Barnett and Bissett had singled out and chosen to harass Plaintiff because they sought to get rid of him for his protected activity." Smith, however, has failed to present any evidence in the record which establishes that the events occurring after his EEOC claim between March 1998 and May 1999 amounted to harassment.

The record in this case establishes that Smith singled himself out through his continual insubordination. There is insufficient evidence in the record to raise a genuine issue of material fact requiring a trial on Smith's claim of retaliation for his engaging in activities protected by Title VII. Consequently, Smith has failed to create an issue of fact that the Postal Service was not justified in terminating his employment completely independent of his EEOC claim. Accordingly, summary judgment in favor of the Postal Service must be granted as a matter of law.

## CONCLUSION

For all of the reasons stated above, defendant's motion for summary judgment is GRANTED. This case is dismissed in its entirety with prejudice. All previous dates are stricken. All pending motions are moot.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: October 26, 2001